(Decided 9th May, 1878.)

THE STATE OF MARYLAND *vs.* JOHN H. CARTER.

*Act of 1872, ch. 316—Appeals in Criminal Cases—Who only can take an Appeal in behalf of the State.*

Under the Act of 1872, ch. 316, authorizing appeals in criminal cases, the only person authorized to *take* an appeal, in the name and behalf of the State of Maryland, is the State's attorney.

APPEAL from the Circuit Court for Carroll County.

The appellee was indicted at the May Term, 1877, of the Circuit Court for Carroll County, for having fraudulently embezzled, secreted and made way with one sewing machine, of the value of forty-five dollars, ($45.00,) the property of the Howe Machine Company. Upon the trial the prisoner was adjudged not guilty, and was discharged. At the trial certain exceptions were taken by the State.

The case is further stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, GRASON, ALVEY and ROBINSON, J.

*William P. Maulsby* and *Charles J. M. Gwinn, Attorney-General,* for the appellant.

*Jas. A. C. Bond* and *Jno. E. Smith,* for the appellee.

By the COURT :

The Act of 1872, ch. 316, authorizes " the party accused, *or the State's Attorney in behalf of the State of Maryland,* to tender to the Court a bill of exceptions, which shall be signed and sealed by the Court, as is now practiced within this State in civil cases, *and the party tendering such bill* of exceptions may appeal, &c.''

Under this law, the only person authorized to take an appeal in the name and behalf of the State, is the State's Attorney.

In this case it appears from the record, that the appeal was taken and is now prosecuted by an attorney, who was employed by private parties to assist the State's Attorney, and by his consent with the leave of the Court, participated with him in the trial of the case in the Circuit Court; and who has taken the appeal without the consent or co-operation of the State's Attorney.

For this reason the appellee has moved that the appeal be dismissed. The motion is not opposed either by the

State's Attorney, .or by the Attorney-General, whose duty it is to represent the State in this Court. (*Constitution, Art.* 5, *sec.* 3.) Under these circumstances the motion must prevail and the appeal will be dismissed.

*Appeal dismissed.*

(Decided 15th May, 1878.)

